FILED: SEPTEMBER 4, 2008
Case 1:08-cv-05035   Document 1   Filed 09/04/2008   Page 1 of 10
JUDGE CASTILLO
MAGISTRATE JUDGE COLE
08CV5035
AEE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MARY FAULKNER,** | |
| **Plaintiff,** | Case No. |
| v. | |
| **INTERSTATE BRANDS CORPORATION d/b/a INTERSTATE BAKERIES CORPORATION,** | **Jury Trial Requested** |
| **Defendant.** | |

## COMPLAINT

NOW COMES Plaintiff, MARY FAULKNER, by and through his counsel, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, INTERSTATE BRANDS CORPORATION d/b/a INTERSTATE BAKERIES CORPORATION, states as follows:

### PRELIMINARY STATEMENT

1. This is an action seeking redress for violation of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq ("Title VII"). Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

### JURISDICTIONAL STATEMENT

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. §§ 2000e et seq (Title VII). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### VENUE

3. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

**PARTIES**

4.     Plaintiff, MARY FAULKNER is a female citizen of the United States of America and is a resident of the State of Illinois.

5.     Defendant, INTERSTATE BRANDS CORPORATION d/b/a INTERSTATE BAKERIES CORPORATION, is a corporation properly recognized and sanctioned by the laws of the State of Delaware, and at all times did and continues to do, business in Illinois. Defendant is engaged in an industry that affects commerce and is an employer for purposes of 42 U.S.C. § 2000e(b).

**PROCEDURE**

6.     Plaintiff filed a charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on August 21, 2008. The EEOC issued Plaintiff a Notice of Right to Sue on August 29, 2008, which was received on September 2, 2008. The Notice of the Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.

**COUNT I – SEX DISCRIMINATION – TITLE VII**

7.     Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8.     On February 22, 2007, Defendant hired Plaintiff as a Route Sales Representative at Defendant's Aurora Depot.

9.     As a Route Sales Representative, Plaintiff's primary responsibility was delivering cake products to Defendant's vendors, thereby earning a commission on each cake delivered on her route.

10. At all relevant times, Plaintiff has been the only female Route Sales Representative at the Aurora Depot, where Defendant employed approximately twenty-one (21) other male Route Sales Representatives.

11. Throughout Plaintiff's employment, Plaintiff has performed to Defendant's reasonable expectations, as evidenced by the lack of discipline issued against Plaintiff, Plaintiff's continued employment, and compliments from Defendant's customers about Plaintiff's service.

12. Beginning with Plaintiff's first paycheck and continuing for each paycheck through present, Defendant failed to pay Plaintiff with concomitant diligence and commensurate equality as Defendant paid its male employees, similarly situated to Plaintiff.

13. At all relevant times, Defendant withheld Plaintiff's pay, despite Defendant promptly paying the salary and commissions of Defendant's male Route Sales Representatives, similarly situated to Plaintiff.

14. On occasion, Defendant failed to provide Plaintiff with her entire weekly paycheck.

15. Upon information and belief, Defendant never missed providing a weekly paycheck to Plaintiff's male coworkers, similarly-situated to her.

16. In addition to Defendant's disparate pay of female Route Sales Representatives at the Aurora Depot, Defendant further failed to provide Plaintiff with the basic training Defendant provided its male Route Sales Representatives.

17. Defendant's failure to provide Plaintiff with the customary training that Defendant afforded to male Route Sales Representative prevented Plaintiff from receiving equal pay with her male coworkers.

18. Such disparate training prevented Plaintiff from learning how to place orders for cake to deliver on her routes in order to complete more sales and earn a full commission thereon.

19. Defendant's disparate training of Plaintiff also prevented Plaintiff from learning how to record her work time, which prevented her from being fully paid for her work, including overtime hours.

20. On numerous occasions, Plaintiff's supervisor, Patrick Neff, inequitably removed cake from Plaintiff's truck to proliferate among the male Route Sales Representatives under Neff's supervision, thereby disparately reducing Plaintiff's commissions and increasing Plaintiff's male coworkers' commissions.

21. Plaintiff's wages were further dependent on Plaintiff's receipt of additional routes to make more sales.

22. Defendant failed to post routes that Defendant awarded to male Route Sales Representative of which Plaintiff would have bid if she was aware of the available routes, contravened Defendant's internal policies, thereby disallowing Plaintiff from bidding on them.

23. At all relevant times, Neff chastised Plaintiff "to get a new job," as Neff was sick of Plaintiff complaining about her unequal pay. Neff further boasted to Plaintiff's male coworkers that he "could not wait to get rid of" Plaintiff and tried to sabotage Plaintiff's reputation with her male coworkers by falsely trying to portray Plaintiff as incompetent.

24. Upon information and belief, following Plaintiff's complaints about Neff's unequal treatment and harassment of her, Neff issued Plaintiff false write-ups in an attempt to have Plaintiff terminated from her employment with Defendant.

25. On one occasion, Neff imposed an oral write up for Plaintiff on the basis that Plaintiff missed stops; however, Neff acknowledged that it was his fault for not providing Plaintiff with accurate directions to complete her route in contravention of company policy.

26. Throughout her employment, Plaintiff made continuous complaints of sex

discrimination after receiving each of her unequal paychecks to Defendant's human resources representatives, Emma, Marie Smith, Marie Armando, Nancy Grabowski, and Debbie Scott, and the two (2) supervisors at the Aurora Depot, Carl Sax and Neff. Plaintiff further made grievances to her union and complaints to human resources about the hostile and discriminatory treatment she received from Neff.

27. On or about February 2008, Plaintiff was injured while delivering cakes to a Jewel grocery store on her route.

28. Following Plaintiff's injury, Plaintiff provided Defendant with a doctor's note, documenting her work-related injury, in order to be placed on light duty.

29. On or about February 2008, Defendant placed Plaintiff on light duty and allowed her to still earn a commission.

30. For approximately one (1) month, Plaintiff earned commissions for her deliveries of cake while working on light duty.

31. On or about Early April 2008, Defendant's Manager, Russ Hinkle, removed Plaintiff's commissions, relegating Plaintiff to her significantly less base salary.

32. After Defendant removed Plaintiff's commissions, Plaintiff complained to her supervisors, Neff and Sax, about losing her commissions. Neff and Sax informed Plaintiff that it was unfair that Plaintiff no longer received commissions while on light duty.

33. On or about May 2008, Plaintiff made a complaint to Julie Hodge, Defendant's Safety Manager, and submitted a grievance to her union about not receiving commissions for her work on light duty, as Defendant afforded commissions to Plaintiff's male coworkers, similarly situated to her, while they worked on light duty.

34. In response to Plaintiff's sex discrimination complaint, Hodge falsely told Plaintiff

that Defendant does not pay commissions to its Route Sales Representatives who are on light duty, and instructed Plaintiff to be "grateful" for whatever pay Plaintiff receives.

35. Upon information and belief, Defendant pays its male Route Sales Representatives commissions while they work on light duty, including a Route Sales Representative with the first name "Ron".

36. On July 11, 2008, during the hearing for Plaintiff's grievance, Defendant's human resources manager, Marie Smith, also told Plaintiff that she was absolutely not entitled to commissions and to be "grateful" for whatever pay she receives.

37. On July 14, 2008, Plaintiff received a call from Neff to instruct Plaintiff not to return to work, and Neff would be placing Plaintiff on medical leave.

38. Following Neff's instructions to Plaintiff not to return to work, Plaintiff contacted Hodge to ask why she was being placed on medical leave. Hodge informed Plaintiff that Neff misspoke and that Plaintiff would have to go workman's compensation leave, due to Plaintiff allegedly exhausting her light duty time.

39. Upon information and belief, male Route Sales Representatives have worked on light duty for significantly longer than Plaintiff, including a male Route Sales Representative who worked for one (1) year and continued to receive pay from Defendant.

40. Since Plaintiff filed her grievance for sex discrimination and harassment, Defendant deprived Plaintiff from receiving any pay and barred her from returning to work on light duty on the basis that Plaintiff exhausted her light duty time.

41. Defendant, since barring Plaintiff from returning to work, replaced Plaintiff with a male employee, who has assumed all of Plaintiff's responsibilities.

42. Upon information and belief, Plaintiff's male coworkers have complained about the

discriminatory treatment Plaintiff received, and have been threatened with retaliation if they pursued their support of Plaintiff.

43. On July 18, 2008, Plaintiff again filed a grievance for unequal pay, sex discrimination, and harassment.

44. Since filing her July 18, 2008, the bases of Plaintiff's grievance have not been addressed, despite Plaintiff's detailed complaint of the discrimination and harassment she received as an employee of Defendant in her August 11, 2008 grievance hearing.

45. Defendant's basis for removing Plaintiff's salary and commissions and for barring Plaintiff from working are a pretext for sex discrimination as Defendant afforded a salary plus commissions for its male Route Sales Representatives on light duty and permitted male Route Sales Representatives to remain on light duty for significantly longer periods of time than Plaintiff.

46. The aforementioned acts and omissions of Defendant constitute unlawful discrimination against Plaintiff because of her sex, female, in violation of the provisions of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

47. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages, physical and emotional harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MARY FAULKNER, prays for judgment against Defendant, INTERNATIONAL BRANDS CORPORATION d/b/a INTERNATIONAL BAKERIES CORPORATION, and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C. Order Defendant to make whole MARY FAULKNER by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Order Defendant to pay lost, foregone, and future wages to MARY FAULKNER;

E. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

F. Grant Plaintiff her attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT IV - RETALIATION - TITLE VII

48. Paragraphs one (1) through forty-five (45) are incorporated by reference as if fully set forth herein.

49. Throughout her employment with Defendant, Plaintiff has continually opposed the hostile and abusive conduct by submitting complaints and grievance on the basis of sex discrimination and harassment with Defendant's appropriate representatives.

50. Defendant retaliated against Plaintiff for exercising her statutory rights by removing Plaintiff's salary and commission and barring Plaintiff from returning to work.

51. Plaintiff expressed to her direct supervisors and human resources representatives her opposition to the abusive, demeaning and discriminatory terms and conditions of employment on the basis of her sex to which she was subjected.

52. In the aftermath of Plaintiff's express opposition to the discriminatory terms and

conditions of employment to which Plaintiff was subjected, Defendant deprived Plaintiff of her salary and commissions and barred Plaintiff from returning to work.

53. Defendant's asserted reasons for demoting Plaintiff are a pretext for Defendant's retaliatory motives in terminating Plaintiff's employment as Plaintiff's similarly situated coworkers, who did not express opposition to sex discrimination and harassment, and who engaged in the same purported conduct that allegedly served as the basis for removing Plaintiff's pay and barring Plaintiff from returning to work, were not similarly treated.

54. The aforementioned acts and omissions of Defendant constitute retaliation against Plaintiff based on her opposition to the creation of a discriminatory work environment and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of her employment in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

55. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and foregone wages and benefits.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MARY FAULKNER, prays for judgment against Defendant, INTERNATIONAL BRANDS CORPORATION d/b/a INTERNATIONAL BAKERIES CORPORATION, and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any

    employment practice which unlawfully discriminates on the basis of race;

C.  Order Defendant to make whole MARY FAULKNER by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.  Order Defendant to pay lost, foregone, and future wages to MARY FAULKNER;

E.  Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

F.  Grant Plaintiff her attorney's fees, costs, disbursements; and

G.  Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

56.  Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

        Respectfully submitted,

        MARY FAULKNER, Plaintiff,


        By_____/s  Lisa Kane_____
         Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorneys for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

08CV5035
JUDGE CASTILLO
MAGISTRATE JUDGE COLE
AEE

EEOC Form 161-B (3/98)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Mary Faulkner
16618 Meadow Court
Tinley Park, IL 60477

From: Chicago District Office
500 West Madison St
Suite 2000
Chicago, IL 60661

Certified Mail 7001 0320 0006 1098 7936

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-07843 | Jacquelyn C. Gandy, Investigator Support Asst | (312) 886-5976 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

John P. Rowe,
District Director

8/29/08
(Date Mailed)

Enclosures(s)

cc: INTERSTATE BRANDS

RECEIVED SEP - 2 2008

**Verification**

I, Mary Faulkner, declare under penalty of perjury that the foregoing is true and correct.

Executed on August 25, 2008.

*Mary Faulkner*
Mary Faulkner